# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

April 29, 2005

Luther D. Thomas
Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA GA 30303-3318

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 0 2 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

**Appeal Number: 04-10822-GG**
Case Style: USA v. Glen Aubrey Walker
District Court Number: 02-00430 CR-1-1

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
 Original Exhibits, consisting of: one envelope, one psi
 Original record on appeal or review, consisting of: eight volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (03-2004)

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 0 2 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# United States Court of Appeals
For the Eleventh Circuit

No. 04-10822

District Court Docket No.
02-00430-CR-1-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 10, 2005

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

GLEN AUBREY WALKER,

    Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
APR 2 9 2005
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: February 10, 2005
For the Court: Thomas K. Kahn, Clerk
By: Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2005
THOMAS K. KAHN
CLERK
```

No. 04-10822

D. C. Docket No. 02-00430-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLEN AUBREY WALKER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(FEBRUARY 10, 2005)

Before BARKETT, MARCUS and SUHRHEINRICH*, Circuit Judges.

PER CURIAM:

---

*Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation.

Glen Aubrey Walker appeals his conviction and 34-month sentence, imposed after he entered a conditional guilty plea, for using a computer to attempt to knowingly persuade, induce, entice, and coerce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b). On appeal, Walker argues that (1) the evidence was insufficient to support his § 2422(b) attempt conviction because the government did not establish that he committed a "substantial step"; (2) the district court erred at sentencing by applying the undue-influence enhancement, pursuant to U.S.S.G. § 2A3.2(b)(2)(B), where the victim was a law enforcement officer posing as a minor; and (3) the district court's imposition of the § 2A3.2(b)(2) enhancement violated Blakey v. Washington, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).[1]

We review challenges to the sufficiency of the evidence de novo, resolving all credibility choices and reasonable inferences from the evidence in favor of the government. See United States v. Jernigan, 341 F.3d 1273, 1278 (11th Cir. 2003). The evidence is sufficient where a reasonable trier of fact, choosing among

---

[1] After Walker filed his brief raising a "Blakey claim," the Supreme Court issued its opinion in United States v. Booker, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005), "[e]xtending its holding in Blakely to the Sentencing Guidelines, . . . [and] reaffirm[ing] [the Court's] rationale first pronounced in Apprendi[ v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)], that '[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" In re Anderson, __ F.3d __, 2005 WL 123923 *2 (11th Cir. Jan. 21, 2005) (citation omitted).

reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt. United States v. Lluesma, 45 F.3d 408, 409-10 (11th Cir. 1995). We review purely legal questions concerning use of the Sentencing Guidelines de novo. United States v. Williams, 340 F.3d 1231, 1234 n. 8 (11th Cir. 2003). After the Supreme Court's recent decision in United States v. Booker, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005), we review a district court's sentencing scheme for reasonableness.

Upon thorough review of the record and careful consideration of the parties' briefs and oral arguments, we affirm.

On October 22, 2003, by a third superseding indictment, Walker was charged with three counts of using a computer connected to the internet to attempt to knowingly persuade, induce, entice, and coerce a minor to engage in criminal sexual activity (statutory rape and child molestation), in violation of 18 U.S.C. § 2422(b). Walker filed a "Motion to Define the Crime to Include More Than Internet Conversations," arguing that the government's evidence did not mark his conduct as criminal for purposes of establishing he took a "substantial step" towards completion of the charged crime. Pursuant to the magistrate judge's recommendation, the district court denied the motion.

3

Thereafter, Walker entered a conditional guilty plea to Count 1 of the third superseding indictment and the government agreed to dismiss Counts 2 and 3. In the written plea agreement, Walker waived his right to appeal his sentence, directly and collaterally, on any ground except (1) "an upward departure from the otherwise applicable sentencing guideline range," or (2) "a finding of an adjusted offense level greater than 22." In addition to the two exceptions to the sentence-appeal waiver, Walker also reserved his right to appeal the district court's denial of his "motion to suppress based upon an alleged lack of probable cause for his arrest, and . . . his motion to define the crime to include more than Internet conversations."

At the plea colloquy, Walker confirmed that he had reviewed the plea agreement with his attorney and signed it. In compliance with the requirements of Fed. R. Crim. P. 11, the district court advised Walker of his rights: (1) to appointed counsel; (2) to persist in his plea of not guilty; (3) to trial by jury; (4) to confront adverse witnesses; and (5) against compelled self-incrimination. Walker indicated that he understood that he waived these rights by entering a plea of guilty. The district court then advised Walker of the nature of the charges brought against him by reading the indictment in open court and explaining the elements of the offense. Walker confirmed that he understood that he could be sentenced to a maximum term of 15 years' imprisonment. The district court also elicited from Walker that no one

had attempted to force him to plead guilty. After the government proffered a factual basis for the plea, the district court found that the plea was knowing and voluntary and that a sufficient factual basis supported the plea. Walker then proceeded to sentencing.

At the sentencing hearing, Walker objected to the application of U.S.S.G. § 2A3.2(b)(2)(B), which provides a two-level enhancement for unduly influencing "the victim to engage in prohibited sexual conduct." Walker argued that the facts of the case did not show that Walker "unduly influenced" the victim because he engaged in internet communication with an adult intermediary (an undercover law enforcement officer). Over Walker's objection, the district court adopted the probation officer's recommendation as to the § 2A3.2 two-level enhancement and also imposed a two-level increase for the use of a computer, under U.S.S.G. § 2A3.2(b)(3)(A). After a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, Walker's adjusted offense level was 19. Based on this offense level and a criminal history category I, Walker's sentencing range was 30 to 37 months. The district court imposed a 34-month term of imprisonment. This appeal followed.

First, Walker argues the district court erred by denying his pretrial "motion to define the crime to include more than internet conversations" because the

5

government's evidence did not include an objective act constituting a substantial step, as required to convict him on an "attempt" offense under § 2422(b). The applicable version of § 2422(b) provided the following:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, <u>or attempts to do so</u>, shall be fined under this title, imprisoned not more than 15 years, or both.

18 U.S.C. § 2422(b) (emphasis added). In <u>United States v. Root</u>, construing § 2422(b), we held: "[T]o convict a defendant of the crime of attempt, the government need only prove '(1) the defendant was acting with the kind of culpability otherwise required for the commission of the crime for which he is charged with attempting; and (2) the defendant was engaged in conduct that constitutes a substantial step toward the commission of the crime.'" 296 F.3d 1222, 1227-28 (11th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1176, 123 S. Ct. 1006, 154 L. Ed. 2d 921 (2003) (quoting <u>United States v. Carothers</u>, 121 F. 3d 659, 661 (11th Cir. 1997)).

In defining the type of conduct that may constitute a "substantial step," we have explained that "the court must find that the defendant's objective acts, without reliance on the accompanying <u>mens rea</u>, mark the defendant's conduct as criminal.

6

In other words, the defendant's acts, <u>taken as a whole</u>, must strongly corroborate the required culpability; they must not be equivocal." <u>United States v. McDowell</u>, 705 F.2d 426, 428 (11th Cir. 1983) (citing <u>United States v. Oviedo</u>, 525 F.2d 881 (5th Cir. 1976)) (emphasis added). To avoid convicting a person of an attempt improperly, "[t]he acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law." <u>Oviedo</u>, 525 F.2d at 885.

Based on our careful review, in evaluating Walker's particular conduct and whether it constituted a substantial step, we are satisfied that his objective acts, when taken as a whole, were unequivocal and strongly corroborative of criminal intent. Accordingly, his conduct satisfies the substantial-step requirement of our case law and his challenge to the sufficiency of the government's evidence must fail.

We also reject Walker's second argument, that the district court erred by applying the § 2A3.2(b)(2)(B) sentencing enhancement where there was no actual minor victim but only an undercover agent posing as a minor. In his initial brief, Walker conceded that this argument is foreclosed by our decision in <u>Root</u>, but urges that <u>Root</u> was wrongly decided.

In <u>Root</u>, we rejected the argument -- identical to Walker's in every respect -- that application of the § 2A3.2(b)(2)(B) enhancement requires the involvement of an actual minor victim, as opposed to an adult intermediary. 296 F.3d at 1233-34.

7

Although Walker suggests <u>Root</u> was wrongly decided, pursuant to our prior-precedent rule, we are bound by <u>Root</u>, unless and until it is overruled by this Court <u>en banc</u> or by the Supreme Court. See <u>United States v. Steele</u>, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (<u>en banc</u>) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding . . . ."); <u>Cargill v. Turpin</u>, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting <u>en banc</u> can judicially overrule a prior panel decision."). We are bound to follow <u>Root</u> and, accordingly, must decline Walker's invitation to reconsider its holding.

Finally, we will not consider Walker's <u>Blakely/Booker</u> claim because he waived the claim in the appeal-waiver provision of his plea agreement. Pursuant to the waiver, Walker agreed not to appeal his sentence, directly or collaterally, on any ground except: (1) an upward departure, or (2) an adjusted offense level greater than 22. Because neither of the exceptions was implicated -- (1) Walker's 34-month sentence fell within the Guidelines range of 30 to 37 months, and (2) Walker's adjusted offense level was calculated to be a 19 and thus was not greater than 22 -- he cannot assert a <u>Blakely/Booker</u> claim. Cf. <u>United States v. Rubbo</u>, __ F.3d __, 2005 WL 120507 (11th Cir. Jan. 21, 2005) (holding that right to appeal sentence based on <u>Apprendi/Blakely/Booker</u> can be waived in pre-<u>Booker</u> plea agreement).

8

**AFFIRMED.**

*A True Copy - Attested*
*Clerk U.S. Court of Appeals,*
*Eleventh Circuit*

By: _____
Deputy Clerk
Atlanta, Georgia